IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KAMERANN-TERRELL: FRYER,<br><br>**Plaintiff,**<br><br>v.<br><br>JOHNSON COUNTY SHERIFF DEPARTMENT; JOHNSON COUNTY DETENTION CENTER; JOHNSON COUNTY, KANSAS; AND FARRELL LEWIS,<br><br>**Defendants.** | Case No. 2:22-cv-02079-HLT |

## MEMORANDUM AND ORDER

Plaintiff Kamerann-Terrell: Fryer brings this civil rights action pro se[1] based on a traffic stop and arrest in 2020. Defendant Farrell Lewis with the Johnson County Sheriff's Department arrested Plaintiff for driving without a driver's license, registration, and proof of insurance. Defendant Lewis moves to dismiss all claims against all defendants on multiple grounds.[2] Doc. 6. The Court determines Plaintiff fails to state a plausible claim against Defendant Lewis because he does not allege a plausible constitutional violation or personal participation in one. The other defendants must be dismissed because there is no underlying constitutional violation, there is no allegation of an unconstitutional policy, and two defendants are not entities capable of being sued.[3]

---

[1] The Court is mindful of his pro se status and liberally construes his filings but will not become his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Defendant Lewis moves to dismiss based on failure to state a claim, qualified immunity, and insufficient service of process. The Court need not consider any reasons beyond failure to state a claim because those arguments dispose of the case.

[3] The Court could consider the merits of Plaintiff's claims against the other defendants even if Defendant Lewis had not challenged them. Plaintiff proceeds in forma pauperis. Where a plaintiff proceeds in forma pauperis, the Court must screen the complaint to determine whether the action (1) is frivolous or malicious, (2) fails to state a claim, or (3) seeks monetary relief from an immune defendant. *Mitchell v. Deseret Health Care Facility*, 2013 WL 5797609, at *1 (D. Kan. 2013); *see also* 28 U.S.C. § 1915(e)(2)(B). The screening process is designed largely to discourage the filing of and waste of resources upon baseless lawsuits that paying litigants generally do not initiate

I.  **BACKGROUND**[4]

Defendant Lewis was conducting a traffic stop when Plaintiff passed him on the highway. Defendant Lewis began pursuing Plaintiff's truck and pulled him over. Plaintiff handed Defendant Lewis his "publicly filed legal notice and demand describing the status of [P]laintiff as a Sovereign and exempt from levy." Doc. 1 at 3. Plaintiff alleges he is a "secured party, foreign national," *id.* at 1, and has filed "Renunciation Docs of his U.S. Corporate Citizenship status," *id.* at 1-2.

Defendant Lewis "called his buddies, lots of his buddies. Other so called officers, who are in fact unregistered foreign agents. And are illegals on American soil." *Id.* at 3. "Multiple officers Came and attacked the plaintiff. Assaulting him, placing him in hand cuffs roughly, unlawfully detaining the plaintiff and threw him into a suv, kidnapping him, and simultaneously Dislocating his plaintiff shoulder." *Id.* at 3 (mistakes in original). Plaintiff "screamed for medical attention" and was told to wait because the jail was not far. *Id.* After arrival at the jail, Defendant Johnson County Detention Center imposed excessive bail on him. Plaintiff complains not only about the bond amount but also the fact that a bond was imposed at all—"[f]or the plaintiff is a foreign national to the U.S. Inc. and the policies thereof." *Id.* at 4-5. Plaintiff seeks $16 million from Defendants for "violation fees" according to his "fee schedule." *Id.* at 5.

II.  **STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

because of the costs of bringing suit and the threat of sanctions for bringing vexatious suits. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). The process was designed precisely for suits like this one.

[4]  The following facts have been drawn from Plaintiff's complaint and are accepted as true for purposes of resolving the motion to dismiss.

A claim is plausible if it is accompanied by sufficient factual content to allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted). In undertaking this analysis, a court accepts as true all well-pleaded allegations in the complaint, though it need not accept legal conclusions. *Id.* Likewise, conclusory statements are not entitled to the presumption of truth. *Id.* at 678-79.

## III.   ANALYSIS

The Court presumes Plaintiff brings his claims under 42 U.S.C. § 1983 even though the complaint does not specify a statute. He seeks "violation fees" for (1) his arrest—which he claims violates the Fourth Amendment as an "Unlawful detainment of a Sovereign, American National"; (2) assault, battery, and unlawful detention in violation of due process; and (3) excessive bail/fraudulent bond and cruel and unusual punishment.

### A.   Detention and Arrest

Plaintiff first alleges Defendant Lewis lacked probable cause to pull him over or arrest/detain him. When Plaintiff's allegations are examined on a deeper level, however, it is clear Plaintiff doesn't claim (1) his truck was actually properly registered, (2) he had a valid driver's license, or (3) he produced proof of insurance. Instead, Plaintiff claims Defendant Lewis lacked probable cause because "the defendants Are private security agent for the U.S.INC. which is a federal corporation under 28 U.S.C. 3002(15)(a). And has no Jurisdiction to express authority over

3

private natural indigenous people of the land known as America." Doc. 1 at 3 (mistakes in original).

Plaintiff's misguided notions about Defendant Lewis's authority to detain or arrest him appear akin to those of—or are borne out of—the sovereign-citizen movement.[5] Courts show no hesitation in rejecting as frivolous arguments based on the theory of sovereign citizenship. *United States v. Sellors*, 572 F. App'x 628, 632 (10th Cir. 2014); *see, e.g.*, *United States v. Palmer*, 699 F. App'x 836, 838 (10th Cir. 2017) ("As for [the defendant's] sovereign state citizen argument, reasonable jurists could also not disagree that the claim is plainly frivolous."); *Charlotte v. Hansen*, 433 F. App'x 660, 661 (10th Cir. 2011) ("We note that an individual's belief that her status as a 'sovereign citizen' puts her beyond the jurisdiction of the courts 'has no conceivable validity in American law.'" (quoting *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990))); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented."); *McCormack v. Hollenbach*, 2019 WL 360522, at *2 (W.D. Ky. 2019) ("Sovereign citizen arguments are recognized as frivolous and a waste of court resources." (internal quotation marks and citation omitted)). "Claims based on 'sovereign citizen' theories may be dismissed without 'extended argument' as patently frivolous." *Adkins v. Kentucky*, 2018 WL 6528462, at *1 (W.D. Ky. 2018) (quoting *United States v. Ward*, 1999 WL 369812, at *2 (9th Cir. 1999)). As Judge Crabtree recognized in a case with similar facts, "It appears plaintiff's Complaint asserts that he is not subject to the jurisdiction of the state of Kansas,

---

[5]   Plaintiff does not expressly self-identify as a sovereign citizen, in that precise terminology. But the language he uses throughout his filings suggests a reliance on beliefs and arguments similar to those espoused by the sovereign citizen movement.

4

while simultaneously calling upon the court to enforce his 'agreements' with Kansas." *Browne v. Scott*, 2019 WL 5084621, at *3 (D. Kan. 2019).

The Court need not dwell on the merit of Plaintiff's Fourth Amendment claim here. Plaintiff alleges he was pulled over and arrested without probable cause to detain him—but according to his theory, no law enforcement officer in the United States could ever have reasonable suspicion or probable cause because Plaintiff is not subject to the jurisdiction of the United States or individual states. This is patently wrong. And he does not otherwise contest the factual basis for the stop. Plaintiff's allegations against Defendant Lewis do not state a plausible basis for a constitutional or any other legally-cognizable claim.

### B.  Assault and Battery

Plaintiff's next claim is that multiple officers attacked and injured him. The allegations relating to this claim do not mention Defendant Lewis at all. Instead, they relate to Defendant Lewis's "buddies, lots of his buddies." Doc. 1 at 3.

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423-24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Plaintiff does not allege Defendant Lewis was part of the "attack," the handcuffing, or throwing him into the SUV. Nor is there any suggestion that Defendant Lewis knew or should have known his alleged call to his "buddies" would set in motion unconstitutional actions or events. *See Martinez v. Carson*, 697 F.3d 1252, 1255 (10th Cir. 2012) (discussing the required causal connection for § 1983 liability). Plaintiff's assault and battery allegations are insufficient to state a plausible claim against Defendant Lewis.

### C. Excessive Bail/Fraudulent Bond[6]

Plaintiff's third allegation has no relation to Defendant Lewis. Plaintiff claims Defendant Johnson County Detention Center and possibly Defendant Johnson County illegally imposed bail. But the Johnson County Detention Center is not an entity capable of being sued. *Caranchini v. Hayden*, 2019 WL 2567734, at *2 (D. Kan. 2019) (citations omitted); *Williams v. Reed*, 2018 WL 4826219, at *2 (D. Kan. 2018) (citations omitted). And as for Johnson County, Plaintiff does not allege an unconstitutional policy. A municipality can only be held liable under 42 U.S.C. § 1983 for the actions of its employees when the action is taken pursuant to the municipality's "official policy," *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)), or for acts it has sanctioned or ordered, *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1188 (10th Cir. 2010) (citing *Pembaur*, 475 U.S. at 480). This is because a municipality cannot be held liable simply under a theory of respondeat superior. *Pembaur*, 475 U.S. at 478; *see also Monell*, 436 U.S. at 694. "Rather, to establish municipal liability, a plaintiff must show 1) the existence of a municipal policy or custom, and 2) that there

---

[6] Plaintiff uses the terms "bail" and "bond" interchangeably. The Court therefore does, too, for purposes of this order.

is a direct causal link between the policy or custom and the injury alleged." *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).

Plaintiff alleges only that (1) his bail was excessive, making it unaffordable; and (2) Defendant Johnson County didn't have the right to impose a bond because Plaintiff "is a foreign national to the U.S Inc. and the policies thereof." Doc. 1 at 4-5. Plaintiff alleges neither a policy nor a valid reason bail was not permissible. Plaintiff does not even allege the amount of his bail or even explain how the detention center set it. Instead, he cites another "sovereign citizen"-type theory. For the reasons stated above relating to Plaintiff's detention and arrest, Plaintiff fails to state a plausible claim.

### D. Remaining Claims

The Court dismisses any remaining claims not addressed above. Any claims against Defendant Johnson County Sheriff Department are dismissed because, like the detention center, Plaintiff does not explain how the sheriff's department is a suable entity. *Fugate v. Unified Gov't of Wyandotte Cty./Kan. City, Kan.*, 161 F. Supp. 2d 1261, 1266 (D. Kan. 2001). And any attempt to hold Defendant Johnson County liable for the acts of its employees fails because there is no viable underlying claim on which to base liability. *Apodaca v. Rio Arriba Cty. Sheriff's Dep't*, 905 F.2d 1445, 1447-48 (10th Cir. 1990) (citation omitted). For all these reasons, the Court dismisses all Plaintiff's claims against Defendants.

Although the Court is mindful of Plaintiff's pro se status, the Court dismisses his claims with prejudice because they rest on untenable and futile legal theories. *See Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001); *see, e.g.*, *Miles v. Kansas*, 2012 WL 3442413, at *4 (D. Kan. 2012). He identifies no facts in his opposition that suggest otherwise and makes no arguments that suggest he could overcome the futility of his claims. Despite having notice of Defendant Lewis's

positions on each of Plaintiff's claims, Plaintiff did not request to amend his complaint to remedy any deficiencies. And the tenor of all Plaintiff's arguments suggest that this is a case stemming from general dissatisfaction with established law and is designed to harass others.

## IV.     OTHER ISSUES

Defendant Lewis submits videos from his dash and body cameras for the Court's consideration. The videos show the traffic stop, transportation to the booking station, and Plaintiff's booking. The Court dismisses this case <u>without</u> consideration of the videos for the pleading failure outlined above. But the Court could have exercised its discretion and considered them given that Plaintiff did not object to consideration of the videos in his reply brief or otherwise challenge their authenticity. *See Scott v. Harris*, 550 U.S. 372, 378 (2007) ("There are no allegations or indications that this videotape was doctored or altered in any way, nor any contention that what it depicts differs from what actually happened."); *McLinn v. Thomas Cty. Sheriff's Dep't*, 535 F. Supp. 3d 1087, 1096 (D. Kan. 2021) (citing *Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th Cir. 1998)).

Plaintiff is perhaps fortunate the Court does not consider the videos, as they call into question the veracity of his complaint. Contrary to the facts discussed above, there was no assault, no rough handcuffing, and no "throwing" of Plaintiff into the SUV. Only two other members of law enforcement[7] arrived at the scene, and one of them arrived after Plaintiff was already in the SUV—not before handcuffing. And the shoulder dislocation came much later, when Plaintiff was alone in the backseat, nearly at the booking station. At all times, both law enforcement and Plaintiff were polite and cooperative with one another. The videos contradict nearly every allegation

---

[7] The first to arrive as back-up was an officer from Overland Park and the second was another deputy with the sheriff's department.

Plaintiff makes. They fully support the Court's independent decision to dismiss the case with prejudice and underscore that amendment would be futile unless Plaintiff were willing to stretch the truth even further than he already has.

The videos also reveal no involvement whatsoever of someone by the name of Keon-Michael: Williams. Yet this person signed Plaintiff's complaint. He is not a party to the action and public records show he is not authorized to practice law in Kansas. His involvement in the case gives the Court significant pause. If the Court were not already dismissing Plaintiff's complaint for failure to state a claim, the Court would inquire more deeply into the role and propriety of Keon-Michael: Williams in this litigation.

## V.      CONCLUSION

Plaintiff fails to state a plausible claim against any defendant. His allegations of an unlawful arrest and detention are insufficient because "sovereign citizen" status (or a similar label) does not release the claimant from the bounds of local, state, or federal law. His allegations of excessive force fail because he does not allege personal participation by Defendant Lewis. And his claims of excess bail are either brought against an entity not amenable to suit or lack a valid basis. None of Plaintiff's claims survive this Court's review of the motion to dismiss or the screening process for cases filed without prepayment of fees.

THE COURT THEREFORE ORDERS that Defendant Lewis's motion to dismiss (Doc. 6) is GRANTED. All claims in this case are DISMISSED WITH PREJUDICE—even those against other defendants.

The case is closed and all other motions are denied as MOOT.

IT IS SO ORDERED.

Dated: August 8, 2022                    /s/ *Holly L. Teeter*
                                         HOLLY L. TEETER
                                         UNITED STATES DISTRICT JUDGE